Caruthers, J.,
delivered the opinion of the Court.
Joiner filed his bill in the Chancery Court at Memphis, alleging that he was joint owner with Jennings, of *646 the steamboat “Naomi,” which he had reason to fear would be removed from the State by Jennings, as he was then claiming the boat as his own, and denying the interest of complainant. An injunction and attachment were prayed for, issued, and served. The bond now sued upon was given by Joiner, with Norris as surety, before the issuance of the attachment and. injunction, with a penalty of $1,000. The condition was, that the suit should be prosecuted with effect; and in case of failure, the complainant should well and truly pay and satisfy the said Robert Jennings all such damages as shall be awarded and recovered against the said Rufus S. Joiner * * * in any suit or suits which may be hereafter brought for wrongfully sueing out said attachment.
The suit in equity failed, and the plaintiff brought this action at law upon the bond for the recovery of damages. There was a demurrer to the declaration, upon the ground that no action would lie against the surety, until, in a separate action against the principal, the amount of damages had been ascertained by the judgment of a Court. The demurrer was overruled, and the defendants required to plead. But, on the trial, before a different Judge, it was held that no proof of damages could be received but a record of recovery against the principal; and, of course, the action failed.
So, the only question now, is, whether this ruling of the Court was correct. We have no decision, of which we are aware, upon this precise point. The case of Smith vs. Eakin, 2 Sneed, 456, which is relied upon by both parties, does not settle the case for either. That case settles two points: First, that in a suit upon a bond *647 like this, not signed by the complainant in the suit in which it was given, an action cannot be maintained until the complainant in the bill had been first sued ; because there was no breach of the condition of the bond; for the undertaking of the obligors was, that they should “pay and satisfy” the debts, “and all such damages as shall be awarded and recovered against the said Eakin, Robinson & Co., in any suit or suits which may be hereafter brought for wrongfully sueing out said attachment.” The Court says “the liability of all the defendants in that case was secondary and conditional.” Second, that it was not necessary to a suit and recovery on the bond, that a common law action on the case for malice and want of probable cause, should be first brought to ascertain the damages sustained. The party injured, may, at his option, resort to either in the first instance.
It was not decided, in that case, that where the party, complainant himself, was a joint obligor with his sureties in such bond, that the latter could not be sued with him, in an action of covenant on the bond, without a previous separate action against the principal. That was not the case before the Court.
What possible advantage would it be to the sureties in the bond to require two actions, instead of one, to reach them? Why accumulate the costs, expenses and delay of two actions, when the rights of the parties could be as well adjusted in one? The policy of the law' is to avoid circuity and delay, and prevent a multiplicity of suits, so far as it can be done consistently with the rights of parties, and without prejudice to any of them.
No inconvenience or injury could possibly result to *648 tbe surety from joining him in the same action; indeed, it would be better for him, as he would have the opportunity of being head in the settlement of the amount of damages for which he was liable. The obligation is joint, and there can be no good reason why the action should not be so. ■ The principal, as in all other cases where the record shows the facts, would be first resorted to for the satisfaction of the judgment, and the surety would be only secondarily liable.
We think the action was well brought, and that the Court erred in excluding the evidence offered by the plaintiff to establish the amount of his damages.
The judgment will be reversed, and the cause remanded for another trial.